# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. GIPSON, et al.,<br><br>　　　　　Defendants. | Case No.  1:14-cv-00520-BAM-PC<br><br>ORDER REGARDING PLAINTIFF'S DECLARATION TO SUPPLEMENT COMPLAINT<br>(ECF No. 18)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE A SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

　　　　On October 18, 2016, the Court issued an order finding that Plaintiff's first amended complaint states a claim against Defendants Gipson, Mayo, Ortega, Garcia and Pina for due process violations regarding his gang validation, and against Defendants Johnson, Cuevas, and Hiracheta for retaliating against Plaintiff for engaging in a hunger strike. (ECF No. 10.) Certain other claims were dismissed without leave to amend, but Plaintiff was granted leave to file a

1

second amended complaint to attempt to cure deficiencies related to his claim that he was subjected to harsh conditions of confinement in retaliation for protected activity. (Id. at 10.) Plaintiff was ordered to either file a second amended complaint, or notify the Court that he was willing to proceed on the cognizable claims identified by the Court. (Id. at 11.)

On November 14, 2016, Plaintiff filed a "declaration to supplement his complaint and correct any deficiency which could be interpreted in a different manner." (ECF No. 18.) Plaintiff states in that document that he would like to clarify and add allegations to his first amended complaint, and he makes several allegations regarding the conditions of confinement issue discussed above. Plaintiff also attached an exhibit to his declaration. Plaintiff concludes that declaration, however, by stating that he "does not wish to file a second amended complaint and he is willing to proceed with" the additional allegations and clarifications discussed in his declaration. (Id. at 5.)

Plaintiff's declaration does not comply with the Court's October 18, 2016 order. Plaintiff must either elect to file a second amended complaint, or proceed with the cognizable claims identified in the Court's October 18, 2016 order. He may not amend, correct, add, or clarify his complaint allegations in this manner.

Plaintiff will be permitted an additional thirty (30) days to either file a second amended complaint or notify the Court of his intention to proceed with the cognizable claims identified in the Court's October 18, 2016 order. Plaintiff is reminded that if he elects to amend his complaint, that amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File a second amended complaint curing the deficiencies identified by the Court in its October 18, 2016 order, or

        b.    Notify the Court in writing that he does not wish to file second amended complaint and is willing to proceed on his first amended complaint against Defendants Gipson, Mayo, Ortega, Garcia and Pina for due process violations regarding his gang validation claims, and against Defendants Johnson, Cuevas, and Hiracheta for retaliating against him for engaging in a hunger strike; and

3. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to prosecute and to obey a court order**.

IT IS SO ORDERED.

Dated: **November 16, 2016**    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE