UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>    Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00520-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 27) |

Plaintiff Rene Fuentes Rios is a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 17, 2018, the assigned Magistrate Judge issued findings and recommendations recommending that this action proceed on Plaintiff's claims against Defendants Gipson, Mayo, Pina, Ortega, and Garcia for improper gang validation in violation of the Due Process Clause and retaliation in violation of the First Amendment, and against Defendants Johnson, Cuevas, and Hiracheta for retaliating against Plaintiff for participation in a hunger strike in violation of the First Amendment. The Magistrate Judge further recommended that all other claims and defendants be dismissed for the failure to state a cognizable claim for relief. (Doc. 27.)

The findings and recommendations were served on Plaintiff and contained notice that objections were to be filed within fourteen days. Plaintiff timely filed objections dated April 26, 2018. (Doc. 28.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff solely objects to the Magistrate Judge's findings regarding his conditions of confinement claim as they related to the SHU conditions and complaint, grievance, and court access procedures. The Court agrees that Plaintiff's allegations are general and conclusory, and insufficient to state a cognizable claim. Further, his allegations of supervisory liabilty are insufficient to subject prison officials to liability here. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1948-49 (2009); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on April 16, 2018, are adopted in full;

2. This matter shall proceed on Plaintiff's claims against Defendants Gipson, Mayo, Pina, Ortega, and Garcia for improper gang validation in violation of the Due Process Clause and retaliation in violation of the First Amendment, and against Defendants Johnson, Cuevas, and Hiracheta for retaliating against Plaintiff for participation in a hunger strike in violation of the First Amendment;

3. All other claims and defendants be dismissed for failure to state a cognizable claim for relief, including Plaintiff's request for declaratory relief; and

4. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order, including initiation of service of process.

IT IS SO ORDERED.

Dated: **May 4, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE