# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUNETES RIOS,<br><br>        Plaintiff,<br><br>   v.<br><br>GIPSON, et al.,<br><br>        Defendants. | No. 1:14-cv-00420-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 39, 45) |

Plaintiff Reno Fuentes Rios ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint against Defendants Gipson, Mayo, Piña, Ortega, and Garcia for improper gang revalidation in violation of the Due Process Clause and retaliation in violation of the First Amendment, and against Defendants Johnson, Cuevas, and Hiracheta for retaliating against Plaintiff for participation in a hunger strike in violation of the First Amendment.

On August 28, 2018, Defendants filed a motion to dismiss Plaintiff's due process claim relating to improper gang revalidation and Plaintiff's retaliation claim relating to his participation in a hunger strike, on the grounds that Defendants are entitled to qualified immunity as a matter of law. (ECF No. 39.) Defendants did not challenge Plaintiff's retaliation claim arising out of Plaintiff's gang revalidation and retention in the Secured Housing Unit ("SHU") due to Plaintiff's

1

participation in a group appeal. (Id.)

On March 12, 2019, the assigned Magistrate Judge issued findings and recommendations, recommending that Defendants' partial motion to dismiss be granted. (ECF No. 45.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 11.) On March 27, 2019, Plaintiff timely filed objections. (ECF No. 46.) The deadline to file objections has passed, and no other objections have been filed.

In his objections, Plaintiff argues that the Magistrate Judge erred in failing to consider the record as a whole, and the way in which the claims involved will affect Plaintiff's opportunity to earn a parole date and to be released from the SHU. Plaintiff also argues that Defendants are not entitled to qualified immunity because regulations, policies, and procedures promulgated by the CDCR clearly establish his rights to file grievances and to passively participate in actions such as hunger strikes.

Plaintiff's objections are unpersuasive. The effect of the alleged actions of Defendants on Plaintiff's ability to obtain a parole date is not relevant to the Court's determination of whether Defendants are entitled to qualified immunity. Furthermore, and as discussed in the findings and recommendations, the existence of certain CDCR policies and regulations, standing alone, cannot demonstrate whether a right is "clearly established" for the purposes of the qualified immunity analysis. Plaintiff has failed to present any controlling or persuasive authority that would warrant reconsideration of the Magistrate Judge's findings in this regard.

To the extent Plaintiff's objections relate to his claim that Defendants retaliated against him for the filing of grievances or group appeals, those objections are disregarded. The motion to dismiss did not address that issue, and that claim will be moving forward.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of this case. The Court has reviewed Plaintiff's objections, but finds no basis warranting rejection of the Magistrate Judge's findings and recommendations. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The March 12, 2019 findings and recommendations (ECF No. 45), are adopted in full;
2. Defendants' partial motion to dismiss, (ECF No. 39), is granted;
3. Plaintiff's claims against Defendants Gipson, Mayo, Piña, Ortega, and Garcia for improper gang revalidation in violation of the Due Process Clause, and against Defendants Johnson, Cuevas, and Hiracheta for retaliating against Plaintiff for participation in a hunger strike in violation of the First Amendment, are dismissed;
4. Defendants Johnson, Cuevas, and Hiracheta are terminated from this action; and
5. This action shall proceed against Defendants Gipson, Mayo, Piña, Ortega, and Garcia only on Plaintiff's First Amendment claim for improper gang validation in retaliation for filing grievances; and
6. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 30, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE