1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   RENO FUENTES RIOS,                          Case No.  1:14-cv-00520-NONE-BAM (PC)

12                    Plaintiff,                  ORDER GRANTING DEFENDANTS'
                                                  MOTION TO MODIFY SCHEDULING
13          v.                                    ORDER

14   GIPSON, *et al.*,                            (ECF No. 60)

15                    Defendants.                 **Dispositive Motion Deadline: July 21, 2020**

16

17          Plaintiff Reno Fuentes Rios ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

19   Plaintiff's first amended complaint against Defendants Gipson, Mayo, Pina, Ortega, and Garcia

20   for improper gang validation in retaliation for filing grievances, in violation of the First

21   Amendment.

22          Pursuant to the Court's May 13, 2019 Discovery and Scheduling Order, (ECF No. 53),

23   and December 20, 2019 order granting modification of discovery and scheduling order, (ECF No.

24   57), the deadline for filing dispositive motions is currently May 21, 2020.

25          On May 20, 2020, Defendants filed a  motion to modify the scheduling order to extend the

26   dispositive motion deadline by sixty days, up to and including July 21, 2020.  (ECF No. 60.)

27   Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response

28   unnecessary and the motion is deemed submitted.  Local Rule 230(l).

                                                    1

1   Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and

2   with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily

3   considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations,

4   Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot

5   reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was

6   not diligent, the inquiry should end.  Id.

7   Defense counsel states that good cause exists to modify the scheduling order because the

8   Office of the Attorney General for the State of California has asked its employees to refrain from

9   coming into the office to work and to work remotely, due to the ongoing COVID-19 crisis.  (ECF

10   No. 60.)  In addition, CDCR has informed the Office of the Attorney General that in an ongoing

11   effort to mitigate the severity of the effects of the COVID-19 crisis, they have restricted the

12   movement of all inmates and staff within prisons, including movement between housing units and

13   offices.  Due to these restrictions and the reduction in the number of staff physically present at the

14   prison, counsel has been unable to obtain the documents and materials or speak to witnesses

15   necessary for the preparation of a dispositive motion in this case.  Defendants therefore seek an

16   additional sixty days to file a dispositive motion, up to and including July 21, 2020.  (Id.)

17   Having considered Defendants' moving papers, the Court finds good cause to continue the

18   dispositive motion deadline in this action.  The Court finds that Plaintiff will not be prejudiced by

19   the brief extension requested here.

20   Based on the foregoing, Defendants' motion to modify the scheduling order, (ECF No.

21   60), is HEREBY GRANTED.  Dispositive motions, other than motions for summary judgment

22   for failure to exhaust administrative remedies, shall be filed on or before **July 21, 2020**.

23

IT IS SO ORDERED.

24

25   Dated:   **May 26, 2020**                    /s/ *Barbara A. McAuliffe*

26                                                                UNITED STATES MAGISTRATE JUDGE

27

28

2