# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GIPSON, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:14-cv-00520-NONE-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO POSTPONE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 67)<br><br>ORDER EXTENDING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**THIRTY (30) DAY DEADLINE** |

## I.　Introduction

Plaintiff Reno Fuentes Rios ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Gipson, Mayo, Pina, Ortega, and Garcia for improper gang validation in retaliation for filing grievances, in violation of the First Amendment.

On July 21, 2020, Defendants filed a motion for summary judgment on the ground that there is no genuine dispute as to any material fact that Defendants did not violate Plaintiff's constitutional rights, and that Defendants are entitled to qualified immunity. (ECF No. 62.)

1 Following an extension of time to file his response to the motion for summary judgment, (ECF
2 No. 66), Plaintiff filed the instant "motion to postpone Defendants' motion for summary
3 judgment pending the resolution of material evidence withheld by Defendants" on September 11,
4 2020. (ECF No. 67.) Defendants filed an opposition on October 2, 2020. (ECF No. 68.)
5 Plaintiff did not file a reply, and the deadline to do so has expired. Plaintiff's motion is deemed
6 submitted. Local Rule 230(l).

**II.  Motion to Postpone Summary Judgment Motion**

In his motion, Plaintiff argues that the Court should postpone ruling on Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f), now Rule 56(d), because of an outstanding discovery dispute. (ECF No. 67.) In essence, Plaintiff contends that after reviewing Defendants' motion for summary judgment and the declarations submitted in support, he believes that Defendants' previous responses to his discovery requests were insufficient. Plaintiff asserts that Defendants "withheld material facts and documentation which contradicts their evidence" and that their responses to his discovery questions were non-responsive and in violation of discovery rules. Plaintiff therefore requests that the Court postpone Defendants' summary judgment motion until Defendants provide complete responses to Plaintiff's interrogatories and requests for production, rule on Defendants' objections and order them to supplement their responses, conduct an in camera review of any redacted information considered privileged, and order the law librarian at Plaintiff's institution to allow him to photocopy Defendants' complete discovery responses or order Defendants to provide such photocopies.[1]  (Id.)

In opposition, Defendants argue that Plaintiff's motion, filed six months after the close of discovery, is the first time he argues that Defendants' discovery responses were deficient. (ECF No. 68.) In addition, Plaintiff fails to identify the particular discovery he seeks, explain how that discovery would preclude summary judgment, and justify why he neglected to resolve any

---

[1] The Court notes that Plaintiff appears to have attached complete copies of Defendants' discovery responses to his motion. Therefore, any request related to the need for Plaintiff to make further photocopies is moot.

2

discovery disputes or make further attempts to obtain additional information before the close of discovery. Defendants argue that because Plaintiff concedes he is unable to establish a genuine dispute of material fact, and fails to make a showing sufficient for the Court to postpone ruling on the summary judgment motion under Rule 56(d), the Court should deny the motion and grant Defendants' motion for summary judgment. (Id.)

### III. Discussion

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); Getz v. Boeing Co., 654 F.3d 852, 867–68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

Pursuant to the Court's May 13, 2019 Discovery and Scheduling Order and December 20, 2019 Order Granting Modification of the Discovery and Scheduling Order, the deadline for completion of all discovery, including the filing of motions to compel, was March 13, 2020. (ECF Nos. 53, 57.) According to the exhibits attached to Plaintiff's motion, Defendants' discovery responses were served on or about January 10, 2020. (ECF No. 67, pp. 26, 38, 56, 70, 86, 101; see also ECF No. 68, p. 5.) Defendants contend, and Plaintiff provides no evidence to disagree, that Plaintiff never made defense counsel aware that Plaintiff took issue with Defendants' discovery responses. Plaintiff instead contends that "since the discovery order was expired" he could not file a motion to compel due to restrictions imposed as a result of the COVID-19 pandemic, which limited his access to the law library and his ability to make photocopies. Plaintiff indicates that these restrictions were in place since March and April 2020. However, as noted above, Plaintiff received Defendants' discovery responses in January 2020,

3

and the discovery deadline expired in March 2020.  Accordingly, any restrictions on his access to the law library apparently occurred *after* the deadline for filing motions to compel had already expired.  Plaintiff has provided no explanation for his failure to file such a motion, or even to communicate to defense counsel or the Court that he intended to file such a motion, before March 2020.

Plaintiff further argues that he did not realize that the responses were incomplete until he received Defendants' summary judgment motion and declarations submitted in support.  However, Plaintiff does not specifically identify which aspects of the declarations are in conflict with the discovery responses, or what additional information he wishes to obtain that will provide support to his opposition.  Rather, Plaintiff has attached complete copies of all of Defendants' discovery responses and appears to request that the Court rule on every single objection raised in those responses and order Defendants to file supplemental responses to each request.

Even if Plaintiff had timely submitted a motion to compel regarding Defendants' discovery responses, such an all-encompassing request would be insufficient.  Plaintiff cannot argue in such a general fashion that each and every discovery response provided by Defendants is insufficient.  Nor can Plaintiff argue, again in conclusory fashion, that every discovery response, if supplemented, will provide information that will assist Plaintiff in establishing a dispute of material fact to oppose the summary judgment motion.

**IV.  Conclusion and Order**

Having considered the moving papers, the Court finds that Plaintiff has not met the standard required to postpone consideration of Defendants' summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d).  Plaintiff has not explained why he was unable to file a motion to compel before the expiration of the discovery deadline, and he has also failed to specifically identify any further or supplemental discovery that would assist him in filing an opposition to the summary judgment motion.

However, the Court declines to find that Plaintiff has conceded his inability to address the summary judgment motion on the merits.  Therefore, the Court finds it appropriate postpone ruling on the motion to grant Plaintiff a **final opportunity** to file a response to Defendants'

summary judgment motion.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to postpone Defendants' Motion for Summary Judgment, (ECF No. 67), is GRANTED IN PART AND DENIED IN PART, as discussed above;
2. Plaintiff's opposition to Defendants' motion for summary judgment is due within **thirty (30) days** from the date of service of this order; and
3. Defendants' reply, if any, is due no more than **seven (7) days** following the docketing of Plaintiff's opposition.

IT IS SO ORDERED.

Dated: **February 17, 2021**         /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE