# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>              Plaintiff,<br><br>   v.<br><br>GIPSON, *et al.*,<br><br>             Defendants. | Case No. 1:14-cv-00520-NONE-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 69)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Reno Fuentes Rios ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Gipson, Mayo, Pina, Ortega, and Garcia for improper gang validation in retaliation for filing grievances, in violation of the First Amendment. For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.    Background**

      On July 21, 2020, Defendants filed a motion for summary judgment on the ground that there is no genuine dispute as to any material fact that Defendants did not violate Plaintiff's constitutional rights, and that Defendants are entitled to qualified immunity. Fed. R. Civ. P. 56.

(ECF No. 62.)  Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 62-1.)  Plaintiff was granted an extension of time to file his opposition on August 11, 2020.  (ECF No. 66.)

On September 11, 2020, Plaintiff filed a "motion to postpone Defendants' motion for summary judgment pending the resolution of material evidence withheld by Defendants."  (ECF No. 67.)  Specifically, Plaintiff contended that Defendants "withheld material facts and documentation which contradicts their evidence," and requested that the Court postpone ruling on Defendants' summary judgment motion until Defendants provide complete responses to Plaintiff's discovery requests, along with other discovery-related relief.  (*Id.*)  Defendants filed an opposition on October 2, 2020.  (ECF No. 68.)  Plaintiff did not file a reply.

On February 17, 2021, the Court issued an order granting in part and denying in part Plaintiff's motion.  (ECF No. 69.)  The Court found that Plaintiff's motion had not met the standard required to postpone consideration of Defendants' summary judgment motion, because he had not specifically identified any further or supplemental discovery that would assist him in filing his opposition to the summary judgment motion.  However, the Court found that Plaintiff should have a final opportunity to file a response to the summary judgment motion, and ordered Plaintiff to file his opposition within thirty days.  (*Id.*)

Following Plaintiff's failure to file an opposition or otherwise communicate with the Court, the Court issued an order on April 6, 2021 for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to prosecute.  (ECF No. 70.)  Plaintiff was informed that he could comply with the Court's order by filing his opposition to Defendants' summary judgment motion.  Plaintiff was also warned that if he failed to comply with the Court's order, this matter would be dismissed, with prejudice, for failure to prosecute.

**II.     Plaintiff's Response to the Court's Order to Show Cause**

Plaintiff filed two responses to the Court's order to show cause, on April 21, 2021 and April 22, 2021.  (ECF Nos. 71, 72.)

Plaintiff argues that he never received Defendants' opposition to his motion to postpone ruling on the summary judgment motion, and therefore he did not have a chance to file his reply before the Court issued its order granting in part and denying in part his motion. (ECF No. 71.) Plaintiff alleges that after the Court ruled on his motion to postpone, he filed two different motions asking the Court that he be allowed to file his reply, but both were lost in the mail or intercepted by prison officials, and did not reach the Court. (*Id.*) Plaintiff has attached copies of mail logs from the law library to demonstrate that he tried to send his motion asking to file a reply to Defendants' opposition to his motion to postpone. (ECF No. 72.) Plaintiff further argues, in support of his request to file a reply to his motion to postpone, that Defendants' declarations in support of the summary judgment motion contradict their responses to his discovery requests, and because the discovery responses were sent to him on the last day of discovery—March 13, 2020—he did not have an opportunity to file a motion to compel because his institution was on a modified program from March 2020 through December 2020 as a result of COVID-19. (*Id.*)

Defendants have not filed a response to either of Plaintiff's responses to the Court's order to show cause.

**III.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

///

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for more than seven years, and Plaintiff's response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff was warned that his failure to comply with the Court's order to show cause would result in dismissal of this action, with prejudice, for failure to prosecute. Plaintiff was permitted multiple extensions of time to file his opposition to Defendants' motion for summary judgment, and he has failed to file that opposition.

Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file any pleading styled as an opposition. Plaintiff instead requested that Defendants be ordered to provide supplemental responses to nearly all of their original responses to Plaintiff's discovery requests. Plaintiff's argument regarding the sufficiency of Defendants' discovery responses is not supported by any of Plaintiff's filings, and he has again failed to specifically identify any of the alleged contradictions between Defendants' original discovery responses and the declarations submitted in support of the summary judgment motion. Plaintiff persists in requesting those supplemental responses even after receiving the Court's order dismissing the issue and finding that Plaintiff had not met the standard required to postpone consideration of Defendants' summary judgment motion.

It is now nearly four months from the most recent deadline for Plaintiff to file his opposition. Plaintiff has not provided any indication that he is attempting to prepare, or that he intends to submit, an opposition to Defendants' summary judgment motion, despite being provided multiple opportunities and extensions of time to do so. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's April 6, 2021 order to show cause expressly warned Plaintiff that if he failed to comply with that order, this matter would be dismissed, with prejudice, for failure to prosecute. (ECF No. 70, p. 2.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

**IV.     Order and Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within